Maurice W. McCann, J.
The relator by means of habeas corpus seeks to test the legality of his detention. It is his claim that:
1. He was not in the State of Alabama on the date when the crime was alleged to have been committed.
2. That the indictment accompanying the application for . extradition does not sufficiently charge a crime under the laws of Alabama in that it does not state the day on which the crime was committed, etc.
*634 3. That the indictment does not state the place where the crime was committed, nor name the lawful holders of the personal property involved.
Although the indictment did not so state, information was furnished to the District Attorney of Yates County by the Solicitor of Chilton County, Alabama, that the alleged crime was committed on May 1,1957.
A hearing was held at which time the relator testified that he was in the State of New York on May 1,1957. This testimony was corroborated by two other witnesses. No witnesses were produced or sworn by the respondent to refute relator’s proof.
Section 830 of the Code of Criminal Procedure sets forth the conditions under which the Governor may recognize the demand of another State for the extradition of a person charged with a crime in another State, namely (so far as is applicable here) that the accused was present in the demanding State at the time of the commission of the alleged crime and that thereafter he fled the State.
The relator having met the burden of proof showing that he was not in the State of Alabama on May 1, 1957 when the crime was alleged to have taken place, the writ is granted and relator is discharged.